**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| USAA CASUALTY INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant Below/Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No.: N23C-08-084 FWW |
| | ) | |
| HENRY HAMILTON, | ) | |
| | ) | |
| Plaintiff Below/Appellee. | ) | |

Submitted: June 24, 2024
Decided: July 8, 2024

*Upon the Motion for Summary Judgment of Plaintiff Below/Appellee*
*Henry Hamilton*
**DENIED.**

*Upon the Motion for Summary Judgment of Defendant Below/Appellant*
*USAA Casualty Insurance Company*
**GRANTED.**

*Upon the Motion to Dismiss of Defendant Below/Appellant USAA Casualty*
*Insurance Company*
**MOOT.**

M. Claire McCudden, Esquire, and Lisa M. Grubb, Esquire, MARSHALL DENNEHEY, P.C., 1007 N. Orange Street, Suite 600, P.O. Box 8888, Wilmington, DE 19899-8888, Attorneys for Defendant Below/Appellant USAA Casualty Insurance Company.

Brian E. Lutness, Esquire, SILVERMAN, MCDONALD & FRIEDMAN, Brandywine East Plaza, 1523 Concord Pike, Suite 400, Wilmington, DE 19803, Attorney for Plaintiff Below/Appellee Henry Hamilton.

**WHARTON, J.**

This 8th day of July 2024, upon consideration of the Second Motion for Summary Judgment of Plaintiff Below/Appellee Henry Hamilton ("Hamilton"),[1] the Response in Opposition to Appellee's Second Motion for Summary Judgment and Appellee's Second Request for Summary Judgment of USAA Casualty Insurance Company ("USAA"),[2] Hamilton's Reply Brief,[3] and the record in this case, it appears to the Court that:

1.      USAA insured Hamilton's 2009 Chevrolet Colorado pickup truck under a policy that included Personal Injury Protection coverage ("PIP").  On November 25, 2022, Hamilton drove his pickup truck to Hilton Marine Supply Company to repair rotten wood that was part of the roof of a garage building.  Hamilton reversed the pickup truck to the garage building.  There, he exited the pickup truck and configured a ladder in the motor vehicle's truck bed to reach the area in need of repair.  He positioned the bottom of the ladder on the truck bed and leaned the top of the ladder against the garage building.  The ladder slipped on the truck bed as Hamilton was climbing it.  He fell and sustained bodily injury.

2.      Hamilton petitioned the Arbitration Panel of the Insurance Commission to adjudicate his insurance claim.  The Arbitration Panel heard Hamilton's claim on

---

[1] Hamilton's Second Mot. for Summ. J., D.I. 18.
[2] USAA's Resp. to the Second Mot. for Summ. J., D.I. 20.
[3] Hamilton's Reply Br., D.I. 22.

July 12, 2023.[4]  On July 20, 2023, the Arbitration Panel decided for Hamilton in the total amount of $81,804.62.[5]

3.      On August 9, 2023, USAA appealed to this Court from the Decision of the Arbitration Panel.[6]  Before Hamilton filed a complaint in this appeal *de novo*, the parties submitted cross motions for summary judgment, which the Court denied on January 26, 2024.[7]  In its Order denying those motions, the Court pointed out that Hamilton had failed to properly initiate his *de novo* action in this Court by filing a complaint as required by Superior Court Civil Rule 3(c).[8]  Hamilton then filed his Complaint and Answers to Form 30 Interrogatories on February 19th.[9]  USAA filed its Answers to Appellant's Complaint and Answers to Form 30 Interrogatories on April 10th.[10]  Hamilton moved for summary judgment again on April 18th.[11]  USAA responded in opposition and moved for summary judgment again on May 20th.[12]  Hamilton replied on June 7th.[13]

---

[4] D.I. 1.
[5] *Id.*
[6] *Id.*
[7] *USAA Cas. Ins. Co. v. Hamilton*, 2024 WL 323506 (Del. Super. Ct. Jan. 26, 2024).
[8] *Id.* at *4.
[9] D.I. 15.
[10] D.I. 17.
[11] Hamilton's Second Mot. for Summ. J., D.I. 18.
[12] USAA's Resp. to the Second Mot. for Summ. J., D.I. 20.
[13] Hamilton's Reply Br., D.I. 22.

4.     Surprised that neither party addressed the obvious procedural elephant in the room highlighted in its January 26th Order, on June 12th, the Court directed the parties to submit simultaneous letter memoranda "addressing what consequences, if any, should result from Hamilton's failure to comply with Rule 3(c)."[14]  Both parties responded on June 24th.[15]

5.     In moving for summary judgment before this Court,[16] Hamilton asserts that the facts of this case satisfy the two-part test to determine if the accident involved a motor vehicle set out in *Kelty v. State Farm Mutual Automobile Insurance Company*[17] and, accordingly, he should be awarded PIP benefits.[18]  Hamilton argues that "the vehicle was not merely the situs of the accident but the bed of the truck was where the ladder was placed and the cause of the ladder slipping" and "there was no independent cause that broke the causal link."[19]

6.     Opposing Hamilton's motion for summary judgment, USAA also moves for summary judgment.[20]  It asserts that there are no genuine issues of material fact and that judgment should be entered in its favor, denying PIP benefits

---

[14] D.I. 23.
[15] D.I. 26 (Hamilton); D.I. 27 (USAA).
[16] Hamilton's Second Mot. for Summ. J., D.I. 18.
[17] 73 A.3d 926, 932 (Del. 2013).
[18] Hamilton's Second Mot. for Summ. J. at ¶ 7, D.I. 18.
[19] *Id.*
[20] USAA's Resp. to the Second Mot. for Summ. J., D.I. 20.

to Hamilton.[21]  In consideration of *Kelty's* two-part test, USAA argues that Hamilton's injury was in no way caused by use or operation of the motor vehicle except as a stationary platform and Hamilton's pickup truck cannot be considered an active accessory in causing his injuries.[22]  Further, "[t]here is nothing to support that Hamilton's injuries occurred as a result of the nature of using his truck as a motor vehicle."[23]

7.    In his Reply, Hamilton confirms that no party finds any material facts to be at issue.[24]  He states that "[t]he ladder slipped on the bed of the truck causing the accident" and "the accident could not have occurred without the truck as the ladder could not have reached the roof in question."[25]  Hamilton contends that PIP benefits are warranted because the truck was an active accessory in causing the injury and there was no act of independent significance that broke the causal link between the use of the vehicle and the injuries inflicted.[26]

8.    Superior Court Civil Rule 56(c) provides that summary judgment is appropriate if, when "there is no genuine issue as to any material fact and that the

---

[21] *Id.*
[22] *Id.* at ¶ 8.
[23] *Id.*
[24] Hamilton's Reply at ¶ 1, D.I. 22.
[25] *Id.* at ¶ 4.
[26] *Id*. at ¶ 5.

moving party is entitled to a judgment as a matter of law."[27]  The moving party initially bears the burden of demonstrating that the undisputed facts support its claims or defenses.[28]  If the moving party meets its burden, the burden shifts to the non-moving party to show that there are material issues of fact the ultimate factfinder must resolve.[29]  When considering a motion for summary judgment, the Court's function is to examine the record, including "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," in the light most favorable to the non-moving party to determine whether genuine issues of material fact exist "but not to decide such issues."[30]  Summary judgment will only be appropriate if the Court finds there is no genuine issue of material fact. When material facts are in dispute, or "it seems desirable to inquire more thoroughly into the facts, to clarify the application of the law to the circumstances," summary judgment will not be appropriate.[31]  However, when the facts permit a reasonable person to draw but one inference, the question becomes one for decision as a matter

---

[27] Super. Ct. Civ. R. 56(c); *Buckley v. State Farm Mut. Auto. Ins. Co.*, 139 A.3d 845, 847 (Del. Super. Ct. 2015), *aff'd*, 140 A.3d 431 (Del. 2016) (quoting *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979)).

[28] *Sizemore*, 405 A.2d at 681.

[29] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

[30] Super. Ct. Civ. R. 56(c); *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 99-100 (Del. 1992).

[31] *Ebersole v. Lowengrub*, 180 A.2d 467, 468-69, (Del. 1962) (citing *Knapp v. Kinsey*, 249 F.2d 797 (6th Cir. 1957)).

of law.[32] Where the parties have filed cross motions for summary judgment and have not argued that there is an issue of material fact to the disposition of either motion, the Court will treat the motions as a stipulation for decision on the merits based on the record submitted with the motions.[33] Because the parties agree there are no material factual disputes, the issue is one of law and summary judgment is appropriate.

9. Delaware requires the owners of Delaware-registered motor vehicles to obtain certain insurance coverage.[34] The PIP mandate requires insurance that provides for "[c]ompensation to injured persons for reasonable and necessary expenses...."[35] PIP coverage is available to each person "occupying such motor vehicle and to any other person injured in an accident involving such motor vehicle, other than an occupant of another motor vehicle."[36]

10. To determine whether a claimant is eligible for PIP benefits, the correct analysis is to apply first, the disjunctive two-part test in *National Union Fire Insurance Company of Pittsburgh v. Fisher*[37] to determine whether the plaintiff is an

---

[32] *Wooten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).
[33] Super. Ct. Civ. R. 56(h).
[34] *Friel v. Hartford Fire Ins. Co.*, 2014 WL 1813293, at *2 (Del. Super. Ct. May 6, 2014), *aff'd*, 108 A.3d 1225 (Del. 2015) (citing 21 *Del. C.* § 2118(a)(2)).
[35] *Id.* (quoting 21 *Del. C.* § 2118(a)(2)(a)).
[36] *Id.* (quoting 21 *Del. C.* § 2118(a)(2)(c)).
[37] 692 A.2d 892, 896 (Del. 1997).

occupant, and second, the two-part test in *Kelty v. State Farm Mutual Automobile Insurance Company*[38] to determine whether the accident involved a motor vehicle.[39]

11. It is unnecessary here for the Court to conduct a *Fischer* analysis because neither party raises occupancy as an issue.[40] Still, "[o]ccupancy alone is insufficient to end the analysis for PIP eligibility."[41] Since neither party took issue with Hamilton's occupancy, this case turns on whether the accident involved a motor vehicle under *Kelty's* two-part test.

12. *Kelty* holds that for a claimant's injury to have occurred in an accident involving a motor vehicle the insured vehicle must have been an "active accessory" in causing the injury, and the causal connection between the use of the vehicle and the claimant's injury must not have been broken by an independent act.[42] The Delaware Supreme Court defined active accessory to require "something less than proximate cause in the tort sense and something more than the vehicle being the

---

[38] 73 A.3d 926, 932 (Del. 2013).

[39] *Buckley v. State Farm Mut. Auto. Ins. Co*., 2015 WL 4515699, at *2 (Del. Super. Ct. July 27, 2015) (citing *Friel*, 2014 WL 1813293 at *5).

[40] See *Finney v. Atl. States Ins. Co*., 2017 WL 6034119, at *3 (Del. Super. Ct. Dec. 6, 2017), *aff'd*, 189 A.3d 187 (Del. 2018); see also *Shaw v. State*, 2021 WL 1291772, at *2 (Del. Super. Ct. Apr. 6, 2021), *aff'd*, 2021 WL 5121200 (Del. Nov. 4, 2021) (where the Court forewent a *Fischer* analysis as the defendant conceded that the plaintiff was an occupant of the vehicle).

[41] *Friel*, 2014 WL 1813293 at *5.

[42] *Id.* at *4 (citing *Kelty*, 73 A.3d at 930).

mere situs of the injury."[43]  Similar to *Friel v. Hartford Fire Insurance Company*,[44] the first part of the *Kelty* test is the dispositive issue in this case - whether the motor vehicle was an "active accessory" in causing Hamilton's injury.[45]

13.    In *Friel* the Court described the facts it found relevant.  The plaintiff was employed as a delivery driver who delivered products to various customers on pallets placed in his employer's truck.[46]  The unloading process included the use of chains and a claw to connect these pallets to a forklift.[47]  When the plaintiff arrived for a particular delivery, he parked the truck, applied the air brake and turned off the truck.[48]  He then exited the truck, opened the back and removed the load bar.[49]  The plaintiff was standing in the back of the truck during the unloading process.[50]  While unloading approximately the tenth pallet of product, the plaintiff bent down to hook up the chains and he injured his back.[51]  At the time of the injury, the plaintiff's employer had an automobile insurance policy that included PIP coverage.[52]  The

---

[43] *Id*. (quoting *Kelty*, 73 A.3d at 931).
[44] 2014 WL 1813293 (Del. Super. Ct. May 6, 2014), *aff'd*, 108 A.3d 1225 (Del. 2015).
[45] *Id.* at *4.
[46] *Id*. at *1.
[47] *Id.*
[48] *Id.*
[49] *Id.*
[50] *Id.*
[51] *Id.*
[52] *Id*. at *2.

plaintiff filed a claim with the insurance company and was denied coverage.[53] The insurance company reasoned that the plaintiff's injury did not arise out of an "automobile accident."[54] The plaintiff filed suit against the insurance company in this Court alleging a breach of contract for failing to pay PIP benefits.[55]

14. The Court in *Friel* found that the plaintiff's motor vehicle did not qualify for PIP coverage because it was not an "active accessory" in causing the plaintiff's injury.[56] In making this determination, the Court wrote:

> [T]he vehicle is the mere situs of the injury. The injury was in no way caused by use or operation of the motor vehicle, except as a stationary platform from which product was being unloaded.[57] The injury did not occur by virtue of the inherent nature of using a motor vehicle.[58]

15. Based on the agreed upon facts in this case, the Court finds that Hamilton's motor vehicle was not an "active accessory" in causing his injury. The motor vehicle was the mere situs of the injury when Hamilton fell from the ladder that he situated in its truck bed. Hamilton's injury was in no way caused by use or operation of the pickup truck except as a stationary platform to extend his ladder's reach to repair a building.[59] Hamilton's injury did not occur by virtue of the inherent

---

[53] *Id.*
[54] *Id.*
[55] *Id.*
[56] *Id.* at *5.
[57] *Id.*
[58] *Id.* at *5 (citing *Kelty*, 73 A.3d at 931 n.29).
[59] *Id.* at *5.

nature of using a motor vehicle.[60] Hamilton was not using the truck as a truck when he placed the ladder in the truck bed. Rather, he used it as an improvised platform upon which to elevate the ladder.

16. Because the Court finds that Hamilton's pickup truck was not an "active accessory" in causing his injuries under the circumstances present here, it is unnecessary for the Court to address the "independent significance" prong of *Kelty*.[61] Hamilton is not eligible to recover PIP benefits because he was not involved in an accident involving a motor vehicle as required by statute and defined by case law.[62]

17. The Court now turns to the issue for which it sought supplemental letter memoranda. Hamilton, by letter dated "July 24 [sic], 2024" purports to explain the failure of "the appellant [sic]" to file a timely complaint as required by Rule 3(c).[63] Throughout his letter to the Court, counsel for Hamilton transposes "appellant" and "appellee," mistakenly referring to his client as the "appellant" and USAA as the "appellee."[64] Counsel's transposition of the parties makes it somewhat difficult to follow Hamilton's argument, but as the Court understands it, Hamilton thought he was meeting his obligation to file the first pleading on appeal by filing a motion for

---

[60] *Id*. at *5 (citing *Kelty*, 73 A.3d at 931 n.29).
[61] *Jarrett v. Titan Indem. Co*., 2017 WL 6343552, at *5 (Del. Super. Ct. Dec. 11, 2017).
[62] *Friel*, 2014 WL 1813293, at *5.
[63] D.I. 26.
[64] Perhaps this confusion accounts, at least in part, for his failure to understand his client's obligations under Rule 3(c) properly.

summary judgment.[65] In any event, Hamilton asks the Court to overlook his defalcation because he has manifested his intention to purse the litigation, USAA has suffered no prejudice, and, citing *Purcell v. State Farm,*[66] the sanction of dismissal should be reserved where there is a clear record of dilatory conduct, which is absent here.

18. For its part, USAA now seems aware that something was awry. It asks the Court, after failing to do so up to this point, to dismiss Hamilton's complaint because it is untimely.[67]

19. In light of the Court's determination to grant summary judgment in favor of USAA, USAA's belated Motion to Dismiss is **MOOT.**

**THEREFORE**, Plaintiff Below/Appellee Henry Hamilton's Motion for Summary Judgment is **DENIED**. Defendant Below/Appellant USAA Casualty Insurance Company's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

**/s/ Ferris W. Wharton**
Ferris W. Wharton, J.

---

[65] D.I. 26.
[66] 2018 WL 3814592 (Del. Aug. 9, 2018) (another case where the parties had difficulty transitioning from the Insurance Commissioner's Arbitration Panel to the Superior Court.)
[67] D.I. 27.